IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY TROTTER,                   )
                                   )
                    Plaintiff,     )
                                   )
v.                                 )              No. 05-1311-WEB
                                   )
THE CITY OF PARK CITY              )
and its representatives,           )
                                   )
                    Defendants.    )
_____)

**<u>Memorandum and Order</u>**

This matter is before the court on the motion of defendant City of Park City, Kansas, to vacate the

Magistrate Judge's order of February 16, 2006 (Doc. 8), granting plaintiff an extension of time to effect

service of process on the defendant.  Defendant's motion also seeks an order quashing the service of

process and dismissing the action.

I.  *Background*.

On October 13, 2005, plaintiff Anthony Trotter filed a *pro se* complaint against the City of Park

City, Kansas, claiming the City violated his constitutional rights in various ways, including by unlawfully

searching his business establishment, by performing unlawful "compliance checks," by harassing and

threatening plaintiff and his customers, by seizing property and money from plaintiff without a warrant or

consent, and by closing his business establishment (the "Sensational Palace") pursuant to an allegedly

unconstitutional city ordinance.  Doc. 1.  The complaint demanded $7 million in damages.  *Id*. at 4.  Plaintiff

submitted a motion to proceed *in forma pauperis* with the complaint, but the request was subsequently

denied by the Magistrate Judge on January 9, 2006.  Doc. 4.  Plaintiff thereafter paid the filing fee.

On February 13, 2006, attorneys Uzo L. Ohaebosim and Lawrence W. Williamson, Jr., of Shores, Williamson & Ohaebosim LLC entered their appearance on plaintiff's behalf and filed a First Amended Complaint.  Docs. 5, 6.  The First Amended Complaint asserted claims under 42 U.S.C. §§ 1981 and 1983 and under state law for intentional infliction of emotional distress.  Also on February 13, 2006, plaintiff's counsel filed a motion asking for a 30-day extension of time to effect service of process on the defendant.  In the motion, counsel asserted that "February 13, 2006, is the 120th day from the filing of the original action."  Doc. 7 at 2.  The motion further asserted that allowing plaintiff an additional 30 days to serve the amended complaint would not prejudice the defendant and would allow plaintiff to keep the action alive without incurring statute of limitations problems that might result from re-filing the action.  Inasmuch as defendant had not been served at that point, the motion was submitted *ex parte*.  On February 16, 2006, the Magistrate Judge entered a brief order granting plaintiff an extension of time to March 13, 2006, to serve the defendant.  Doc. 8.  A return of service filed March 9, 2006, asserts that service of summons upon the defendant was accomplished by certified mail on or about March 7, 2006.  Doc. 9.

II.  *Defendant's Motion to Vacate, Quash and Dismiss*.

Park City argues that plaintiff's extension of time was granted on the basis of a false premise -- namely, that the 120-day period for service provided for in Fed.R.Civ.P. 4(m) had not expired when the extension was requested.  In fact, as defendant points out, the 120-day period expired on February 10, 2006,  prior to the filing of the February 13th motion.  Defendant argues the court should therefore vacate the order granting the extension.  It contends plaintiff failed to show good cause for an extension under the standards of Fed.R.Civ.P. 4(m).  Moreover, although Tenth Circuit law permits the granting of a permissive

extension of time in some circumstances, defendant argues that granting an extension in the absence of any valid reason -- which it argues was the case here -- would constitute an abuse of discretion.   Park City argues it will suffer prejudice unless the purported service of process is quashed because it will be "required to defend against Plaintiff's baseless claims" and will have to gather evidence pertaining to long-past events while the plaintiff has had a unilateral opportunity to gather relevant evidence.   Defendant argues the extension of time should be vacated, plaintiff's purported service of process should be quashed, and the action should be dismissed pursuant to Fed.R.Civ.P. 4(m).

In response, plaintiff's counsel concedes that it was a misrepresentation to state that the 120-day period for service expired on February 13, 2006, rather than February 10, 2006, but argues this was a good faith error arising from counsel's assumption that the four-month period after the filing of the complaint (from October 13, 2005 to February 13, 2006) was 120 days.   Plaintiff contends this error was harmless and notes that reasons were given for the delay in service in his motion to extend.   As for defendant's claim that plaintiff has not shown good cause for an extension within the meaning of Rule 4(m), plaintiff claims -- in rather circuitous logic -- that Rule 4(m) "does not apply in this case" because the court granted him a 30-day extension and he served the defendant within that extension.   Doc. 12 at 5.   Plaintiff argues the defendant has suffered no prejudice from the extension and it would be "inconsistent with substantial justice" for the court to vacate its prior order.   Plaintiff contends the defendant was properly served and that the motion to quash and dismiss should be denied.

III.  *Fed.R.Civ.P. 4(m).*

Federal Rule of Civil Procedure 4(m) reads, in relevant part:

> **(m) Time Limit for Service.**   If service of the summons and complaint

is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

In *Espinoza v. United States*, 52 F.3d 838 (10th Cir. 1995), the Tenth Circuit concluded that 1993 amendments to Rule 4(m) substantially changed the scope of discretion to be exercised by the district courts.  *Id*. at 840.  Under the previous rule, the court was allowed to extend the time for service only upon a showing of good cause.  *Id*.  The amended rule, however, "authorizes the court to relieve a plaintiff of this subdivision even if there is no good cause shown."  *Id*. at 841 (*quoting* Fed.R.Civ.P. 4(m), Advisory Committee Notes (1993 Amendment)).  "Consequently, under the new rule, a plaintiff who has failed to show 'good cause' for a mandatory extension of time may still be granted a permissible extension of time within the district court's discretion."  *Id*.  In applying the rule, district courts should proceed as follows:

> The preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. In this regard, district courts should continue to follow the cases in this circuit that have guided that inquiry. If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

IV.  *Discussion*.

The court undoubtedly has authority to vacate or otherwise modify a non-final order that was granted on the basis of a misrepresentation by counsel.  And the misrepresentation in this instance may have factored into the Magistrate Judge's decision to grant the extension, given that the order of extension made no reference to the good cause standard or the permissive extension language of Rule 4(m).  Nevertheless,

4

the court concludes that the circumstances do not warrant vacating the prior extension or quashing the service of process on the defendant.

Where, as here, service did not take place within 120 days after filing of the complaint, the court is directed by *Espinoza* to first determine whether there is good cause for an extension and, if there is not, then to determine whether a permissive extension should nevertheless be granted. The Magistrate did not undertake these inquiries, probably due to counsel's misrepresentation that the 120-day period had not expired. Given defendant's argument that the order granting the extension should be vacated, the court will address these issues now to ascertain whether an extension should have been granted in the first place.

The circumstances initially cited by plaintiff in support of his motion for an extension (and those cited now) do not meet the showing required for good cause. As Judge Belot noted in *Harbour v. Peters*, 2006 WL 219914 (D. Kan., Jan. 27, 2006), the Tenth Circuit "has generally defined good cause by what it is not: inadvertence, negligence, mistake of counsel or ignorance of the rules." *Id*. at *5. Nor does a lack of prejudice to the defendant amount to good cause. *Id*. It is not entirely clear whether plaintiff is even arguing good cause in this instance (given plaintiff's arguments that Rule 4(m) "does not apply" and that "plaintiff did not have to show good cause"), but at any rate the court is unable to find good cause on the factors presented by plaintiff. Although it is true that plaintiff was proceeding *pro se* throughout the 120-day period, that fact alone does not constitute good cause for the failure to make timely service. *See Espinoza*, 52 F.3d at 841 (a *pro se* litigant is still obligated to follow the requirements of Rule 4).

Insofar as a permissive extension is concerned, several factors should be considered in determining whether such an extension is appropriate. The Advisory Committee Notes relating to Rule 4(m) note that "[r]elief may be justified ... if the applicable statute of limitations would bar the refiled action." *See*

*Espinoza*, 52 F.3d at 842.  Additionally, the district court "should also take care to protect *pro se* plaintiffs from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition."  *Id.* (citing Advisory Committee Notes).  Other relevant factors include whether a permissive extension would prejudice the defendant, and whether the defendant has evaded service.  *See Zamora v. City of Belen*, 2004 WL 3426121, *3 (D. N. Mex., Aug. 9, 2004).  These factors in the instant case generally weigh in favor of granting of a permissive extension.  As an initial matter, the court notes that contemporaneously with his *pro se* complaint plaintiff filed a motion to proceed *in forma pauperis*.  The Magistrate Judge to whom the motion was initially assigned recused from the case, but unfortunately the motion was not referred to another Magistrate Judge until almost three months later.  *See* Docs. 2, 3.  When it was referred, the second Magistrate Judge promptly reviewed the motion and denied it.  Doc. 4.  Thus, the second factor above pertaining to confusion or delay surrounding resolution of an *in forma pauperis* petition weighs in favor of an extension to offset this potential hindrance to plaintiff's ability to obtain timely service.  Also weighing in plaintiff's favor is the possible bar of the statute of limitations, which according to plaintiff might arise if the action were to be re-filed.  As for the issue of prejudice from the extension, defendant claims it has been put at a strategic disadvantage because plaintiff has had a one-sided opportunity to gather evidence.  Absent some specific allegation of harm, however -- such as the intervening loss of a material witness or documentary evidence -- defendant's claim of harm from a 30-day extension is more speculative than substantial, and in any event can be offset by allowing the defendant additional time to gather evidence if such is needed.[1]  As to the last factor mentioned above -- whether the defendant evaded service -- there

---

[1] The court notes that although the First Amended Complaint makes reference to the "defendants" and refers to unnamed "Defendant Officers" as parties to the action, the only defendant identified in the

is no such evidence here.  Lastly, the court notes that the misrepresentation by counsel was undoubtedly a good-faith error, as opposed to purposeful deceit.  Although the court agrees with defendant that such a misrepresentation is not a trivial matter, particularly in an *ex parte* application, counsel's error does not warrant a dismissal of the plaintiff's claims.  *Cf. Meadows v. Morrison*, 2002 WL 1798910 (N.D. Tex., Aug. 2, 2002) (not reported in F.Supp.2d; text available in Westlaw) (dismissal was not warranted for counsel's purposeful misrepresentation in obtaining an extension of time for service).   In sum, the court finds that a 30-day extension of time under these circumstances was reasonable and represents an appropriate exercise of discretion under Rule 4(m).  As such, the court concludes that defendant's motion to vacate the Magistrate's order granting a 30-day extension should be denied,  even if the extension was initially granted upon an erroneous assumption that the request was asserted within the 120-day period of Rule 4(m).  Defendant's requests to quash plaintiff's subsequent service of process and to dismiss the action will likewise be denied.

     V.  *Conclusion*.

     Defendant City of Park City, Kansas' Motion to Vacate, Quash and Dismiss (Doc. 10) is DENIED.   IT IS SO ORDERED this __10th___ day of July, 2006, at Wichita, Ks.

                   s/Wesley E. Brown_____
                   Wesley E. Brown
                   U.S. Senior District Judge

---

complaint is the City of Park City.