**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ANTHONY TROTTER,**          )
                              )
        **Plaintiff,**     )
                              )
**v.**                        )  Case No. 05-1311-WEB
                              )
**THE CITY OF PARK CITY, KANSAS,**  )
                              )
        **Defendant.**     )
_____)

**MEMORANDUM AND ORDER**

This matter is before the court on defendant's two motions to compel. The first motion seeks to compel (1) documents related to plaintiff's damage claim, (2) federal and state income tax returns, and (3) the names, addresses and telephone numbers of certain witnesses. (Doc. 30). The second motion seeks to compel responses to defendant's second set of interrogatories. (Doc. 36). For the reasons set forth below, the first motion shall be GRANTED. The second motion appears to be MOOT.

**Background**

This lawsuit is an action for: (1) a violation of 42 U.S.C. § 1983, (2) a violation of 42 U.S.C. § 1981, and (3) an intentional infliction of emotional distress. Highly summarized, plaintiff alleges that he owned a business in Park City, Kansas, called the "Sensational

Palace" and that Park City raised the licensing fee from $500 to $5000.[1] (Doc. 6, para. 15–17). Plaintiff also alleges that "officers of the City of Park City" violated his Fourth Amendment rights by performing "compliance checks" without a warrant or consent and illegally seized documents and cash from plaintiff. (Doc. 6, para. 18–19). He also contends that defendant shut down his business by enforcing an unconstitutional statute and deprived him of "the opportunity to do business and contract with the City of Park City as agreed upon." (Doc. 6, para. 20).

### First Motion to Compel (Doc. 30).

Defendant moves to compel complete responses to the following discovery requests:

1. any and all documents evidencing or reflecting plaintiff's claimed damages (Production Request No. 2);

2. plaintiff's federal and state income tax returns, including all supporting schedules and W-2's (Production Request No. 7);

3. any and all federal and state income tax returns regarding Sensational Palace (Production Request No. 8);

4. any and all federal and state income tax returns regarding all other businesses in which plaintiff has been involved since October 2003 (Production Request No. 9); and

5. the names, addresses, and home and business telephone numbers for Tiffany Hadley and Lakisha Ellis, the two individuals who purportedly witnessed the seizure of money from plaintiff's cash

---

[1] Plaintiff does not explain the nature of his business.

-2-

register by police officers (Interrogatory No. 9).[2]

In support of its motion, defendant argues that plaintiff produced a handful of questionable documents and represented that he would supplement his responses "as they become available."[3] Supplemental Response to Production Request No. 2, Doc. 31, Ex. G. However, supplemental production has not occurred and defendant requests, at a minimum, that a deadline be established for complete discovery responses.

In response to defendant's motion, plaintiff argues:

> The only reason that the documents were slow to be produced related directly to obtaining information. The plaintiff has requested the documents and will be making the tax documents available for the defendant. It is plaintiff's belief that most of the requisite documents have now been produced and that defendant can evaluate the plaintiff's claim. *The plaintiff again, has not refused to produce documents, but has just been in the process of gathering them.*
> 
> *The information sought is not the type of information that the plaintiff has the intent of not producing.* The crucial documents have been produced and are in the possession of the defendant and the *tax documents will also be produced*. The plaintiff also *intends to cure any problems concerning the identity of any individuals disclosed as witnesses in the plaintiff's amended disclosures.*
> 
> Based on the foregoing, the defendant's motion should be denied.

(Doc. 32, p. 3)(emphasis added).

---

[2] In a supplemental response plaintiff referred to witnesses named Lakeisha Loudermilk and Keisaha Ellis. Defendant's request for a clarification went unanswered.

[3] Plaintiff's belated production consisted of (1) one individual income tax return for 2002, (2) a few miscellaneous documents having no apparent relationship to the amount of claimed damages, (3) documents regarding plans for building a new book store, club and dancing facility, (4) a credit card collection notice, (5) two documents created in November 2006 purporting to show that plaintiff borrowed money between 2002 and 2006, and (6) a promissory note dated October 24, 2005.

As conceded above by plaintiff, the requested tax information and witness information have not been produced. Accordingly, the motion to compel such information shall be GRANTED without further comment and a deadline established for production.

With respect to the production of materials supporting plaintiff's claim for damages, the analysis is more difficult because of plaintiff's equivocal responses concerning the completeness of production. On the one hand, plaintiff asserts that "the crucial documents have been produced" but also states that "*most* of the requisite documents have now been produced." Plaintiff also advised defendant *after* his most recent production that "plaintiff will supplement those documents as they become available."[4] Given the ambiguity concerning the completeness of plaintiff's production, the court will GRANT defendant's motion to compel Production Request No. 2 and establish a deadline for production.[5]

**IT IS THEREFORE ORDERED** that defendant's motion to compel **(Doc. 30)** is is **GRANTED.** Plaintiff shall produce the materials requested by Production Request Nos. 2, 7, 8, and 9 and also provide the requested witness information by **February 16, 2007**.

---

[4] In response to defendant's *second* motion to compel, plaintiff states "all of the documents and interrogatories that the defendant has requested have been provided and that plaintiff has continued to supplement documentation as required by Rule 26." Defendant's second motion to compel only requested answers to interrogatories; therefore, plaintiff's comments concerning "documents" raise additional ambiguities.

[5] Obviously, a party cannot produce that which does not exist and if plaintiff has no additional documents concerning his damages, he shall clearly state that fact.

**Second Motion to Compel (Doc. 36)**

Defendant moves to compel plaintiff to answer its second set of interrogatories. Plaintiff concedes that he failed to timely answer the interrogatories because counsel was "out of the country" for approximately 21 days but asserts that he has now answered the interrogatories and the motion is moot. Defendant does not challenge plaintiff's assertion that the request is now moot.

**IT IS THEREFORE ORDERED** that defendant's second motion to compel **(Doc. 37)** is **MOOT.**

Dated at Wichita, Kansas this 5th day of February 2007.

S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge