IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY TROTTER,              )
                             )
             Plaintiff,       )
                             )
v.                            )          Case No.  05-1311-WEB
                             )
THE CITY OF PARK CITY,        )
                             )
             Defendant.       )
_____  )

**<u>Memorandum and Order</u>**

This matter is before the court on defendant Park City's Motion to Dismiss (Doc. 23) and

Motion for Summary Judgment (Doc. 56).  The motion to dismiss argues that plaintiff has failed to

join a necessary and indispensable party.  The motion for summary judgment argues that plaintiff's

claims are barred by the statute of limitations.  The court finds oral argument would not assist in

deciding the issues presented.

I.  *Background*.

Plaintiff's First Amended Complaint alleges that plaintiff Anthony Trotter had a business

in Park City, Kansas, called the "Sensational Palace." Doc. 6, ¶ 15.  Plaintiff alleges that the license

to run the business was initially $500 per year, but Park City raised the fee to $5,000 per year.  ¶ 17.

Plaintiff alleges that "[r]aising a fee to renew a license to ten times the initial amount is

unconstitutional on it's [sic] face, so the applicable statute appears to be unconstitutional."  *Id*.

Plaintiff alleges that from January 2002 until October of 2003, officers of Park City violated

plaintiff's fourth amendment rights by continuously going into his business to conduct "compliance

checks" without any type of warrant or consent.  ¶ 18.  Plaintiff alleges that when officers performed

these checks they illegally seized money and documents.  ¶ 19.  The City of Park City "later went on to completely shut down the business by force by enforcing a statute that was unconstitutional" and turned the business over to another lessee, thereby "depriving Mr. Trotter the opportunity to do business and contract with the City of Park City as agreed upon."  ¶ 20.

Plaintiff's first cause of action, premised on 42 U.S.C. § 1983, alleges that "by entering the business belonging to plaintiff illegally without warrant or consent and failing to take any action to aid plaintiff or to halt the illegal acts complained of, Defendant Officers [sic]" violated plaintiff's rights under the "Due Process Clause of the Fourth [sic] and Fourteenth Amendments...." ¶ 22-23. Plaintiff's second cause of action, based on 42 U.S.C. § 1981, alleges that plaintiff is an African-American and "defendant has denied plaintiff the same right to enjoy the ability to contract with the City of Park City as a person who is Caucasian[,] including rights involving the making, performance, modification, and termination of contracts with defendant and the enjoyment of all benefit[s], privileges, terms and conditions of that relationship...."  ¶ 26.  Plaintiff's third cause of action, based on state tort law, alleges that plaintiff suffered emotional distress as a "direct and proximate result defendants' extreme and outrageous conduct,..."

II.  *Defendant's Motion for Summary Judgment.*

The standards and procedures for summary judgment are well established.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.*; Fed.R.Civ.P. 56(c). A principal objective of the summary judgment rule is to isolate and dispose of factually unsupported claims. *Celotex*, 477 U.S. at 323-324.  A disputed fact is "material"

for purposes of summary judgment if it might affect the outcome of the suit under the governing law, and a dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

Under Rule 56, the movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See Adler v. Wal-Mart Stores, Inc*., 144 F.3d 664, 670 (10th Cir.1998). This burden may be satisfied by pointing to an absence of evidence on an essential element of the non-movant's claim. *Id*. at 671 (*citing Celotex*, 477 U.S. at 325)). Once the moving party carries this burden, the opposing party cannot simply rest upon the pleadings; it must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). At this stage of the proceedings, the court must examine the evidence on a motion for summary judgment in the light most favorable to the non-moving party. *Jones v. Unisys Corp*., 54 F.3d 624, 628 (10th Cir.1995).

A.  *Uncontroverted Facts*.

1.  Plaintiff filed this action, pro se, on October 13, 2005, asserting a claim of discrimination against the City of Park City.

2.  Plaintiff (through counsel) filed his First Amended Complaint on February 13, 2006, asserting purported causes of action under 42 U.S.C. § 1983 and 42 U.S.C. § 1981, and a state law claim for intentional infliction of emotional distress.

3.  On September 12, 2002, a Journal Entry was entered in the Municipal Court of Park City, Kansas, in Case No.  MCC3581 et el., captioned *City of Park City, Plaintiff v. Anthony Trotter, Defendant*, which journal entry provided in relevant part as follows:

> "... after entering pleas of NOLO CONTENDERE the Defendant is
> adjudged to be guilty of three counts of Operate Erotic Dance Studio
> after Legal Operation [sic] Hours, one count of Private Dance Rooms
> Prohibited and two counts of License Required to Operate Exotic
> Dance Studio.  It is therefore ordered by this court that Defendant pay
> a fine of $200 and serve 30 days in jail on each count.
>
> It is further ordered that Defendant be placed on probation
> after paying a total fine of $600.00 (six hundred dollars) and costs of
> $43.00 (forty-three dollars) with thirty days time to pay."

4.  On September 17, 2002, Anthony Trotter appealed his conviction in Case No. MCC3581 et al., to the Eighteenth Judicial District Court of Sedgwick County, Kansas, as Case No. 02 CR 25552.

5.  On September 16, 2003, a Journal Entry was entered in the Eighteenth Judicial District Court of Sedgwick County, Kansas, Criminal Department, in Case No.  02 CR 25552, captioned *The State of Kansas, Plaintiff v. Anthony Trotter, Defendant*, which journal entry provided in relevant part as follows:

> "WHEREUPON the parties announce that they have entered into plea
> negotiations in the above captioned matter as follows:
>
> In exchange for the Defendant's plea of no contest to one
> count of operating an erotic dance studio after legal operation hours,
> the City will dismiss the remaining counts against the Defendant,
> seek a $1,000.00 fine, and court costs of $43.00.
> In addition, the Defendant agrees to cease and desist operating
> or having any ownership interest in "Sensational Palace" or any other
> erotic dance studio located with the City limits of Park City.
> Defendant shall have thirty days from the filing of this Journal Entry
> to wrap up his operation.
> WHEREUPON, the Defendant proceeds to sentencing.
>
> It is therefore ordered by this Court that the Defendant pay a
> fine of $1,000.00, and court costs.  The Defendant shall also cease
> and desist operating his erotic dance studio or similar business within
> the City limits of Park City, within thirty days.

4

IT IS SO ORDERED."

6.  All of the alleged conduct of Defendant Park City complained of by Plaintiff in this lawsuit occurred prior to September 16, 2003.

7.  Plaintiff makes no claim in this lawsuit regarding any conduct by Defendant Park City after September 16, 2003.

8.  Plaintiff has no evidence that any conduct by Defendant Park City that is involved in this lawsuit occurred after September 16, 2003.

9.  Plaintiff has not disclosed in his Rule 26 disclosures in this lawsuit any books of account or other contemporaneous records of income that would support his claim for damages in this lawsuit.

10.  Plaintiff has no books of account or other contemporaneous records of income that would support his claim for damages in this lawsuit.

11.  At one time the license fee for a business of the type operated by plaintiff was $500 per year.  The City Council of Park City raised the license fee to $5,000 on November 12, 2002.

12.  Park City police officers from time to time entered the Sensational Palace to determine whether the business was in conformance with the requirements of city ordinance.

B.  *Summary of Arguments*.

Defendant contends all three of plaintiff's causes of action are barred by the statute of limitations.  It argues plaintiff's first claim, under § 1983, is barred by the two-year limitation period of K.S.A. § 60-513(a)(4).  According to defendant,  it is uncontroverted that all of the conduct complained of occurred prior to September 16, 2003, more than two years before the filing of the complaint on October 13, 2005, meaning the claim was brought more than two years after the claim

accrued.  As for plaintiff's second cause of action, asserted under 42 U.S.C. § 1981, defendant argues this claim is actually mis-pled because § 1981 provides no relief against a state actor such as Park City.  It argues that under *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701 (1989), plaintiff's sole relief for any § 1981 claim against the City is via § 1983, and any such claim is barred for the same reasons stated above.  Finally, defendant contends plaintiff's third cause of action, for the tort of outrage, is likewise barred by the two-year limitation period of K.S.A. § 60-513(a)(4).

In response, plaintiff argues that insofar as his claims are based upon the taking of his property, the claims did not accrue until the taking was complete.  He argues this did not occur until October 16, 2003 – thirty days after the journal entry in Case 02 CR 25552 – because the journal entry gave him thirty days to wrap up his business.  Plaintiff contends "Mr. Trotter's property interest occurred [sic] when he was no longer able to operate his business, in violation of his due process rights."  Doc. 62 at 5.  Plaintiff further argues the "final taking" was part of an overall course of conduct which "extended into the statute of limitations period, thereby qualifying plaintiff to rely on the continuing violation theory."  *Id*. at 6.  With regard to plaintiff's state tort law claim for intentional infliction of emotional distress, plaintiff says he likewise "makes this claim under the continuing tort doctrine," where a "tort involves a continuing or repeated injury, [and] the cause of action accrues at, and limitations begin to run from, the date of the last injury."  *Id*. at 7.

Plaintiff also contends that insofar as his § 1981 claim arises from rights provided by § 1981(b), the claim is subject to the four-year statute of limitations of 28 U.S.C. § 1658 rather than the two-year period in K.S.A. § 60-513(a)(4).  *Citing Jones v. R.R. Donnelly & Sons Co.*, 541 U.S. 369 (2004) (claims that arise by virtue of 1991 amendment to § 1981 are subject to catch-all four-year statute of limitations for actions arising under a federal statute enacted after 1990).  As for the

6

defendant's arguments about the effect of *Jett v. Dallas Indep. School*, plaintiff argues that "notably absent" from the case and the history of § 1983 was "any intent to limit any statutes of limitation rights that might arise under Section 1981,..." Doc. 62 at 13. Plaintiff argues that applying a two-year limitation period would be contrary to Congress' intent in passing § 1658, which provides for a four-year period on claims arising under § 1981(b).

    C. *Discussion*.

    1. *First Cause of Action - 42 U.S.C. § 1983.*

    In civil rights actions under § 1983, the court applies the most analogous statute of limitations of the forum state. *See Price v. Philpot*, 420 F.3d 1158, (10th Cir. 2005). In Kansas, the applicable statute is K.S.A. § 60-513(a)(4), which generally provides that an action for injury to the rights of others shall be brought within two years. *Hamilton v. City of Overland Park, Ks.*, 730 F.2d 613, 614 (10th Cir. 1984). Although the limitations period is supplied by state law, federal law governs the particular point at which a claim accrues. *Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006). "Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Johnson v. Johnson County Comm'n. Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991).

    Plaintiff's complaint was filed October 13, 2005, meaning any claim for relief under § 1983 must have accrued on or after October 13, 2003 to be timely. As part of the uncontroverted facts above, plaintiff concedes that: "All of the alleged conduct of Defendant Park City complained of by Plaintiff in this lawsuit occurred prior to September 16, 2003"; "Plaintiff makes no claim in this lawsuit regarding any conduct by Defendant Park City after September 16, 2003"; and "Plaintiff has no evidence that any conduct by Defendant Park City that is involved in this lawsuit occurred after

September 16, 2003."

Plaintiff's claims include allegations that the City raised the applicable business license fee to $5,000 on November 12, 2002; that officers of Park City continuously went into his business to perform compliance checks; that when performing these checks officers illegally went through his business and seized money; and that the City "completely shut down the business by force by enforcing a statute that was unconstitutional, and turned the business over to one Christine Villar to operate as a lessee, depriving Mr. Trotter of the opportunity to do business and contract with the City of Park City as agreed upon." Plaintiff points to no evidence that any of his alleged injuries occurred on or after October 13, 2003, nor does he cite any evidence suggesting he did not have reason to know of such claims prior to that time.

In an attempt to avoid the two-year limitations period, plaintiff cites the "continuing violation doctrine," but that rule is unavailing for two reasons. First, the Tenth Circuit has refused to apply the doctrine to claims under § 1981, and this court concludes that the same rule applies to claims under § 1983. *See Thomas v. Denny's, Inc.*, 111 F.3d 1506, 1514 (10th Cir. 1997) ("because the continuing violation doctrine is a creature of the need to file administrative charges, and because a section 1981 claim does not require filing such charges before a judicial claim may be brought, the continuing violation theory is simply not applicable."); *Frazier v. Jordan*, 2007 WL 60883 (10th Cir., Jan. 10, 2007) (noting appellant failed to provide any authority in which Tenth Circuit has applied the continuing violations doctrine to a § 1983 claim). Second, plaintiff identifies no act occurring within the limitations period, which is a prerequisite to application of the continuing violation doctrine. *See McCormack v. Farrar*, 147 Fed.Appx. 716, 2005 WL 2083027, **4 (10th Cir., Aug. 30, 2005).

Plaintiff at times characterizes his claim as one for "the actual taking (loss of Trotter's property)." Doc. 62 at 5.[1] This assertion is apparently based on plaintiff's plea of no contest to a criminal charge and a plea agreement under which he agreed to cease operating or having any ownership in any erotic dance studio in Park City and to wrap up his operation within thirty days of the September 16, 2003, Journal Entry. Pursuant to the plea agreement, the District Court of the Eighteenth Judicial District of Kansas ordered plaintiff to pay a fine and to "cease and desist operating his erotic dance studio or similar business within the City limits of Park City, within thirty days." To the extent plaintiff claims this order worked a deprivation of property without due process, the claim fails as a matter of law. Even if plaintiff's voluntary cessation of the business pursuant to a plea agreement with the City could somehow provide the basis of a claim, plaintiff clearly had reason to know of any injury associated with the order as of September 16, 2003, and his claim is therefore barred by the two-year statute of limitations in K.S.A. § 60-513(a)(4).[2]

---

[1] The plaintiff's vague allegations make application of the statute of limitations somewhat difficult. His complaint does not specify what property or interests were allegedly taken from him. For example, the complaint merely alleges that plaintiff "had a business," the City allegedly "shut down the business ... by enforcing a statute," and the City "turned the business over to [another individual] as a lessee." Doc. 6 at ¶¶ 15, 20. As defendant points out in its motion to dismiss, these allegations are made even more nebulous and confusing by evidence that as of October 2005 plaintiff and his wife owned the real property in question, and in October 2004 plaintiff's wife apparently leased the property to one Arlando Trotter. Doc. 24, Exhs. B, C.

[2] Even if this particular claim were not barred by the statute of limitations, it would still be subject to dismissal. The claim appears to attack the validity of the conviction and judgment in plaintiff's criminal proceeding – although plaintiff alternatively characterizes it as a challenge to the constitutionality of the underlying ordinance, a wrongful seizure of his property, or a wrongful deprivation of the right to enter contracts with the City. To succeed on such a claim would necessarily require a showing that the sentence requiring him to cease operation of the business was unlawful. Any such claim is not cognizable, however, unless and until plaintiff proves that the sentence has been reversed or otherwise declared invalid. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

2. *Second Cause of Action - Section 1981*.

In *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 733 (1989), the Supreme Court held that the express cause of action for damages in § 1983 constituted the exclusive federal remedy for a state actor's violation of the rights guaranteed in § 1981. *See Bolden v. City of Topeka, Ks.*, 441 F.3d 1129, 1137 (10th Cir. 2006). Relying on this holding, defendant argues that plaintiff's purported § 1981 claim actually arises under § 1983 and is therefore barred by the same two-year statute of limitation discussed above.

In response, plaintiff does not appear to dispute the applicability of *Jett* to his claim for damages,[3] but rather argues that even if his remedy arises under § 1983, the claim was "made possible" by the 1991 amendments to § 1981 and therefore "aris[es] under an Act of Congress enacted after" December 1, 1990 within the meaning of § 1658. *See Donnelley*, supra, 541 U.S. at (§ 1981 claim for hostile work environment was made possible by 1991 Amendments and was therefore subject to § 1658 catch-all four-year limitation period). But plaintiff fails to cite any basis for the assertion that his claim arises under the 1991 amendments. The claim appears to based on the City's alleged refusal or denial of the opportunity for plaintiff to obtain a renewal license.[4] As

_____

[3] *See* Doc. 62 at 8-13. Plaintiff argues in a footnote that *Jett* does not apply to claims for injunctive relief. *Id.* at 9, n.2. Plaintiff cites no authority to support his argument, and the few cases to consider the argument squarely have apparently rejected it. *See Izarry v. Comm. of Pa. Dept. of Transp.*, 1999 WL 269917 (E.D. Pa. 1999) ("Although the *Jett* Court referred only to damages actions, the reasoning regarding Congress' intent applies with equal force to actions seeking injunctive relief.).

[4] Although plaintiff cites § 1981(b) and alleges that the City interfered with his enjoyment of privileges and conditions of a contractual relationship, the only example he cites is the City's raising of the license renewal fee, which appears to be a claim under § 1981(a) for the denial of the right to make contracts (or obtain a license) on the same basis as other citizens. *See* Doc. 62 at 10, n.4. *Cf. Jimmie's Limousine Serv., Inc. v. City of Oakland*, 2005 WL 2000947 (N.D. Cal. 2005) (evidence that minority owned- establishments were forced to satisfy more requirements to get a

defendant points out, the denial of an opportunity to contract on the same basis as others was actionable under the pre-1990 version of § 1981, and therefore falls outside the scope of the catch-all provision in § 1658. *See Cross v. The Home Depot*, 390 F.3d 1283, 1288 (10th Cir. 2004) (§ 1658 has no application to discrimination claims under § 1981 involving the formation of employment contracts). Moreover, the few courts to address this issue have concluded that such claims are in fact governed by the § 1983 limitations period rather than § 1658 and its four-year period. *See Palmer v. Stewart County School District*, 178 Fed.Appx. 999, 2006 WL 1275850, **3 (11 Cir., May 10, 2006) (§ 1981 claim brought against state actor pursuant to § 1983 is not subject to the four-year catch-all provision); *Bryant v. Jones*, 464 F.Supp.2d 1273, 1290 (N.D. Ga. 2006); *Marshall v. Daleville City Bd. of Educ.*, No. 1:05cv386-WHA, 2006 WL 2056581, at *2 (M.D.Ala. July 24, 2006) ("Section 1981 claims against state actors must be brought pursuant to § 1983 ... Therefore, the statute of limitations for a § 1981 claim asserted pursuant to § 1983 is governed by state law."); *Carlton v. City of Philadelphia*, 2004 WL 633279 (E.D. Pa., Mar. 30, 2004). For the foregoing reasons, the court finds plaintiff's claim under § 1981 is subject to the two-year limitations period of K.S.A. § 60-513(a)(4), and that the claim is barred for the same reasons discussed above on the claim asserted under § 1983.

   3. *State Law Claim - Intention Infliction of Emotional Distress*.

   Plaintiff's claim for intentional infliction of emotional distress is also subject to the two-year limitations period of K.S.A. § 60-513(a)(4). *See Hallam v. Mercy Health Center of Manhattan, Inc.*, 278 Kan. 339, 97 P.3d 492 (2004). For the same reasons previously discussed, the court finds that

---

license than white-owned establishments would state a claim under § 1981(a) provision guaranteeing equal rights to licenses).

this claim accrued more than two years before the filing of the complaint and is precluded by the statute of limitations.

III. *Motion to Dismiss*.

The defendant has also filed a motion to dismiss, in which it argues that plaintiff's spouse, Sharon Johnson Trotter, is a co-owner of the business and property at issue in this case, and that the action should be dismissed for plaintiff's failure to join her as a party in the action. In view of the court's conclusion that plaintiff's claims are barred by the statute of limitations, however, the court will deny this motion as moot.

IV. *Conclusion*.

Defendant Park City's Motion to Dismiss (Doc. 23) is DENIED as moot. Defendant Park City's Motion for Summary Judgment (Doc. 56) is GRANTED. It is Ordered and Adjudged that Plaintiff Anthony Trotter take nothing, that the action be dismissed on the merits, and that Defendant City of Park City recover of the plaintiff its costs of action. The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED this  11th  Day of June, 2007, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge